Justice Ingrid Gustafson, dissenting.
¶17 I dissent from the majority's Opinion in this matter. I would conclude Moore's due process rights were violated because Gane did not inform him of his right to obtain an independent blood test.
¶18 I agree with the majority that, "when blood tests are obtained pursuant to a warrant, the independent test advisory is a component of due process for which suppression may remedy a violation." Opinion, ¶ 12. However, I disagree with the majority's determination that suppression was not warranted here. Regardless of Moore's interruption, Gane should have finished reading the implied consent advisory and informing Moore of his rights. Although Moore indicated ***262 he did not intend to "do anything" until he spoke with an attorney, his intention to withhold consent from the State's testing requests does not mean he was knowingly waiving his right to obtain an independent blood test. Under Strand , Moore could not knowingly decline the right to obtain an independent blood test when he had not yet been informed he had such a right.
¶19 The right to an independent test is part of the accused's constitutional right to attempt to obtain exculpatory evidence; it does not arise only after the accused takes a test designated by the arresting officer. State v. Swanson , 222 Mont. 357, 360, 722 P.2d 1155, 1157 (1986). Strand holds that the right to obtain an independent blood test is both statutory and required by due process. 286 Mont. at 125, 951 P.2d at 553. There, we held, "The accused must be informed of the right to obtain an independent blood test at the time of the arrest." Strand , 286 Mont. at 127, 951 P.2d at 554 (emphasis added). Since the arresting officer is the only person in a position to inform the accused of that right, the officer has an affirmative duty to do so. Strand , 286 Mont. at 127, 951 P.2d at 555. We held that this is "not only preferable ... but also required by due process. Before a person can make an intelligent decision as to whether to request an independent blood test, he or she must first be made aware that such a test is an option." Strand , 286 Mont. at 127, 951 P.2d at 555.
¶20 Here, Moore was not informed that an independent blood test was an option. While both the District Court and the majority believe Moore's presence in the backseat of the patrol car, possibly drifting in and out of consciousness, while Gane erroneously informed the Justice of the Peace he had advised *333 Moore of his right to an independent blood test, gave Moore sufficient notice of his right to an independent blood test, their determination that Moore was conscious and listening to the conversation is mere speculation. Gane had an affirmative duty to inform Moore of his right, and the possibility that Moore overheard Gane tell someone else that he had done so is insufficient to fulfill this duty.
¶21 The majority ultimately holds that "substantial circumstances" allow the curtailment of Moore's due process rights. Opinion, ¶ 15. However, our case law cannot be clearer on this point: failure to advise an accused of his right to independent testing is a due process violation. Minkoff , ¶ 9 (citing Strand , 286 Mont. at 127, 951 P.2d at 555 ).
Justices Dirk Sandefur and Laurie McKinnon join in the dissenting Opinion of Justice Gustafson.